FILED
MAY 27 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

DAVID ANGEL SIFUENTES III,
Plaintiff,

Case No. CV25-04479
Hon.

V.

META PLATFORMS, INC. (f/k/a Facebook, Inc.),
Defendant.
_________________________/

AGT

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
## DEMAND FOR JURY TRIAL

Plaintiff David Angel Sifuentes III ("Plaintiff"), In Pro Se, brings this action against Defendant Meta Platforms, Inc. ("Meta" or "Facebook") and alleges as follows:

### INTRODUCTION

1. This action arises from a massive data breach that Defendant Facebook, now known as Meta Platforms, Inc., allowed to occur, and its subsequent failure to timely and adequately notify Plaintiff of this breach. The breach, which Plaintiff alleges occurred on or around January 19, 2021, resulted in the compromise of Plaintiff's sensitive personal information and that of his family, friends, and other Facebook users.

2. Despite the requirements under federal law, including the Fair Credit Reporting Act (FCRA) and its implementing regulations by the Federal Trade Commission (FTC), as well as state law, Defendant failed to provide Plaintiff with any notification of this breach until Plaintiff independently discovered it through an iPad notification on or about May 20, 2025.

3. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff's Facebook account was hijacked, his personal information and that of his contacts were exposed,

unauthorized communications were sent from his account, and he has suffered significant concrete injuries, including but not limited to, invasion of privacy, emotional distress, and the denial of remedial services such as credit monitoring that should have been offered. Defendant's actions and omissions constitute violations of federal and state law, including the FCRA, negligence, breach of contract, and various consumer protection statutes.

JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action involves violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as these claims are so related to the federal claims that they form part of the same case or controversy.

6. Venue is proper in this4 judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant Meta Platforms, Inc. maintains its principal place of business and corporate headquarters at 1 Hacker Way, Menlo Park, CA 94025, within this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District,5 as Defendant's data security and notification policies and practices emanate from its headquarters.

PARTIES

7. Plaintiff David Angel Sifuentes III is an individual residing at 439 More St. NE, Unit 2, Grand Rapids, Michigan 49503. His telephone number is 616-283-5215, and his email address is davidsifuentes61@yahoo.com. Plaintiff has been a user of Defendant's Facebook platform since approximately 2011. The email addresses associated with his Facebook account include davidsifuetes61@yahoo.com and dave9074@gmail.com.

8. Defendant Meta Platforms, Inc. (f/k/a Facebook, Inc.) is a Delaware corporation with its

principal place of business located at 1 Hacker Way, Menlo Park, California 94025. Defendant owns and operates the Facebook social media platform and is engaged in the business of collecting, storing, and utilizing the personal data of its users, including Plaintiff.

FACTUAL ALLEGATIONS

9. Plaintiff has been a registered user of Defendant's Facebook platform since approximately 2011, entrusting Defendant with significant amounts of personal data, including but not limited to his name, email addresses (davidsifuetes61@yahoo.com and dave9074@gmail.com), location information, personal contacts (family and friends, including minor children), communications, and other private information.

10. Upon information and belief, on or around January 19, 2021, Defendant Facebook suffered a massive data breach (the "Data Breach") which compromised the personal information of millions of its users, including Plaintiff.

11. Despite the occurrence of this Data Breach and the compromise of Plaintiff's sensitive personal information, Defendant failed to provide Plaintiff with any direct, timely, or adequate notification that his data had been breached.

12. On or about May 20, 2025, Plaintiff received a notification on his iPad which alerted him for the first time that his Facebook account information had been involved in a data breach dating back to January 19, 2021.

13. Prior to this May 20, 2025 notification, Plaintiff had no knowledge that his personal information held by Facebook had been compromised in the Data Breach.

14. As a result of the Data Breach and Defendant's failure to secure his data and notify him, Plaintiff's Facebook account was hijacked. Unauthorized persons gained access to his account,

personal information, details about his family and friends (including their profiles and information about minor children linked to his account), his locations, and places he frequents.

15. Since approximately 2021, Plaintiff has experienced unauthorized activity on his Facebook account, including messages being sent and Facebook friend requests being made that he did not authorize. This activity caused him significant distress and concern about the security of his personal information and the safety of his contacts.

16. Defendant, despite being aware or constructively aware of the Data Breach and its impact on users like Plaintiff, failed to offer Plaintiff any remedial services, such as identity theft monitoring or credit monitoring, which are standard industry responses and often required or recommended by regulatory bodies like the FTC following a data breach.

17. Defendant had a duty to its users, including Plaintiff, to implement and maintain reasonable data security practices to protect their personal information from unauthorized access and disclosure.

18. Defendant also had a duty, arising from statute, common law, and its own terms of service, to timely and adequately notify users of data breaches that compromise their personal information.

19. Defendant's failure to adequately secure Plaintiff's data and its failure to provide timely and adequate notification of the Data Breach has caused Plaintiff to suffer concrete injuries, including but not limited to:

a. Actual harm from the hijacking of his account and unauthorized use of his personal information;
b. Ongoing risk of identity theft and fraud due to the exposure of his sensitive data;
c. Invasion of his privacy and the privacy of his family and friends, including minor children whose information was accessible through his compromised account;

d. Significant emotional distress, anxiety, and fear regarding the exposure of his personal information and the security of his online presence and contacts;

e. Loss of time and effort spent attempting to secure his account and mitigate the harm caused by the breach; and

f. Deprivation of the opportunity to take earlier steps to protect himself and his information had he been timely notified.

20. Plaintiff is informed and believes that Defendant's conduct, including its failure to report the breach to all consumers and offer remedial services, violates protocols established by the Federal Trade Commission (FTC) and provisions of the Fair Credit Reporting Act.

21. Plaintiff is further informed and believes that Defendant, by virtue of its extensive collection and use of consumer data, is subject to certain consumer protection laws, including aspects of the Fair Credit Reporting Act related to data security and reporting, and potentially analogous obligations found within banking regulations concerning the safeguarding of sensitive consumer information.

STATUTE OF LIMITATIONS AND EQUITABLE TOLLING

22. Plaintiff asserts that any applicable statutes of limitations for the claims herein have been tolled due to the doctrine of equitable tolling, including but not limited to the discovery rule and fraudulent concealment.

23. Plaintiff had no knowledge of the Data Breach or that his specific information was compromised therein until on or about May 20, 2025. Defendant did not provide Plaintiff with any notice of the breach prior to this date, thereby preventing Plaintiff from discovering his injury and the cause thereof.

24. Plaintiff alleges that Defendant knew or should have known of the Data Breach in or around

January 2021 and had a duty to notify affected users, including Plaintiff. Defendant's failure to notify Plaintiff actively concealed the facts giving rise to Plaintiff's claims. Plaintiff acted with reasonable diligence upon discovering the breach.

FIRST CAUSE OF ACTION

(Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.)

25. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

26. Defendant Meta, by collecting and maintaining vast amounts of personal and sensitive user data, which can be used to determine eligibility for credit, insurance, employment, or other purposes enumerated in the Fair Credit Reporting Act (FCRA), and by suffering a data breach of such information, may be subject to certain FCRA requirements or analogous federal duties concerning data security and consumer notification.

27. The FTC, which enforces FCRA, has established protocols and issued guidance requiring companies that suffer data breaches to provide timely notification to affected consumers and, where appropriate, offer remedial services like credit monitoring.

28. Defendant willfully and/or negligently failed to comply with its obligations by:

a. Failing to implement and maintain reasonable security procedures to protect Plaintiff's sensitive information from unauthorized access and disclosure.

b. Failing to provide Plaintiff with timely and adequate notice of the Data Breach.

c. Failing to offer Plaintiff any remedial services, such as credit monitoring, despite the serious nature of the breach and the types of information compromised.

29. As a direct and proximate result of Defendant's violations of the FCRA and/or federally mandated protocols, Plaintiff has suffered actual damages, including but not limited to the compromise of his personal information, emotional distress, an increased and ongoing risk of

identity theft, and the loss of privacy, as well as statutory damages where applicable.

30. Defendant's conduct was willful, warranting an award of punitive damages.

SECOND CAUSE OF ACTION

(Negligence)

31. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

32. Defendant owed a duty of reasonable care to Plaintiff and its other users to safeguard their personal information, which it collected and stored as part of its social media platform services. This duty included implementing adequate data security measures and providing timely notification of any breaches.

33. Defendant breached its duty of care by, inter alia:

a. Failing to establish and implement appropriate and reasonable security measures to protect Plaintiffs personal information from foreseeable threats and unauthorized access.

b. Failing to adequately monitor its systems for security vulnerabilities and breaches.

c. Failing to timely detect the Data Breach.

d. Failing to provide Plaintiff with timely, accurate, and adequate notice of the Data Breach.

e. Failing to offer Plaintiff credit monitoring or other remedial services.

34. As a direct and proximate result of Defendant's negligence and neglect, Plaintiff suffered damages as described herein, including the compromise of his personal data, unauthorized access to and use of his account, invasion of privacy, emotional distress, and an ongoing risk of future harm.

THIRD CAUSE OF ACTION

(Invasion of Privacy - Intrusion Upon Seclusion and Public Disclosure of Private Facts)

35. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

36. Plaintiff had a reasonable expectation of privacy in the personal information he entrusted to Facebook, including his communications, contact lists, location data, and other non-public information.

37. Defendant, through its grossly inadequate security practices, allowed third parties to intrude upon Plaintiff's seclusion by accessing his private Facebook account and the sensitive data contained therein. This intrusion is offensive and objectionable to a reasonable person.

38. Furthermore, upon information and belief, the hijacking of Plaintiff's account and compromise of his data led to the unauthorized disclosure or exposure of Plaintiff's private information and that of his family and friends to unauthorized third parties, which is not of legitimate public concern.

39. As a direct and proximate result of Defendant's conduct leading to this invasion of Plaintiff's privacy, Plaintiff has suffered emotional distress and other damages as alleged herein.

FOURTH CAUSE OF ACTION

(Breach of Contract)

40. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

41. Plaintiff and Defendant entered into a contract, namely Facebook's Terms of Service and associated privacy policies, when Plaintiff created and used his Facebook account.

42. Implicit and/or explicit in this contract was Defendant's promise to take reasonable measures to protect the security and privacy of Plaintiff's personal information stored on its platform.

43. Defendant breached its contractual obligations by failing to implement adequate security measures, resulting in the Data Breach, and by failing to timely notify Plaintiff of said breach as would be reasonably expected and potentially covenanted under its policies regarding user data.

44. Plaintiff performed all, or substantially all, of his obligations under the contract, or his performance was excused by Defendant's breach.

45. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered damages, including the loss of the benefit of the bargain (a secure platform for his data), the compromise of his personal information, and consequential damages as described herein.

FIFTH CAUSE OF ACTION

(Violation of California Unfair Competition Law - Cal. Bus. & Prof. Code § 17200 et seq.)

46. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

47. Defendant's conduct, including its failure to implement reasonable data security, its failure to timely notify users of the Data Breach, and its misrepresentations or omissions regarding the security of its platform, constitutes unlawful, unfair, and fraudulent business acts or practices within the meaning of California's Unfair Competition Law (UCL).

48. Defendant's unlawful conduct includes violations of other statutes cited herein, including potentially the FCRA.

49. Defendant's unfair conduct includes its failure to protect sensitive user data despite profiting from such data, and its failure to adequately inform users of breaches, thereby depriving them of the ability to take self-protective measures. This conduct offends established public policy and is immoral, unethical, oppressive, and unscrupulous.

50. Defendant's fraudulent conduct includes misrepresenting, by omission, the security of its platform and failing to disclose the material fact of the Data Breach to Plaintiff in a timely manner.

51. As a result of these UCL violations, Plaintiff has suffered injury in fact and lost money or property, including the loss of value of his personal information and the time and resources spent addressing the consequences of the breach. Plaintiff seeks restitution and injunctive relief.

SIXTH CAUSE OF ACTION

(Violation of California Consumers Legal Remedies Act - Cal. Civ. Code § 1750 et seq.)

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

53. Plaintiff is a "consumer" and Defendant provides "services" within the meaning of the Consumers Legal Remedies Act (CLRA), Cal. Civ. Code § 1761.

54. Defendant violated the CLRA by engaging in unfair or deceptive acts or practices, including but not limited to:

a. Representing that its services had characteristics or benefits (i.e., data security) which they did not have (Cal. Civ. Code § 1770(a)(5)).

b. Representing that its services were of a particular standard, quality, or grade when they were of another (Cal. Civ. Code § 1770(a)(7)).

c. Advertising goods or services with intent not to supply them as advertised (by failing to provide adequate security) (Cal. Civ. Code § 1770(a)(9)).

d. Failing to disclose material information about the security of its platform and the breach of Plaintiff's data.

55. Plaintiffs complaint also should serve as a notice of Defendant's violations of the CLRA as required by California Civil Code § 1782(a).

56. As a result of Defendant's violations of the CLRA, Plaintiff has suffered damages as alleged herein and is entitled to actual damages, punitive damages, injunctive relief, and any other relief the Court deems proper.

SEVENTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

58. Defendant's conduct, in failing to secure highly personal and sensitive data, failing to detect a breach for an extended period or failing to acknowledge it, and then failing to notify affected users like Plaintiff for several years, all while knowing the significant distress such a breach and lack of notification would cause, constitutes extreme and outrageous conduct.

59. Defendant knew or acted with reckless disregard of the probability that Plaintiff would suffer severe emotional distress as a result of its conduct, given the sensitive nature of the data compromised and the implications of account hijacking and identity exposure.

60. As a direct and proximate result of Defendant's extreme and outrageous conduct, Plaintiff has suffered severe emotional distress, including anxiety, fear, and anguish.

EIGHTH CAUSE OF ACTION

(Violation of Michigan Deceptive Trade Practices Act - Michigan Consumer Protection Act, MCL 445.901 et seq.)

61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

62. Plaintiff is a consumer residing in Michigan, and Defendant engaged in trade or commerce

affecting the people of Michigan.

63. Defendant violated the Michigan Consumer Protection Act (MCPA) by engaging in unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce, including but not limited to:

a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services6 (MCL 445.903(1)(b)).

b. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have (MCL 445.903(1)(c)) by implicitly or explicitly promising data security it did not provide.

c. Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer7 (MCL 445.903(1)(s)) – specifically, the Data Breach and compromise of Plaintiff's information.

d. Gross discrepancies between the oral or written representation of material fact and the actual fact thereof (MCL 445.903(1)(y)).

64. As a direct and proximate result of Defendant's violations of the MCPA, Plaintiff has suffered loss and damages as described herein.

NINTH CAUSE OF ACTION

(Bailment)

65. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

66. Plaintiff delivered his personal data (the "bailed property") to Defendant for the specific purpose of Defendant providing social networking services and safekeeping said data.

67. Defendant accepted Plaintiff's personal data, thereby creating a bailment relationship wherein Defendant (bailee) owed a duty of care to protect Plaintiff's (bailor's) data.

68. Defendant breached its duty of care as bailee by failing to implement adequate security measures, resulting in the Data Breach and compromise of Plaintiff's bailed property.

69. As a direct and proximate result of Defendant's breach of its duties as bailee, Plaintiff has suffered damages, including the loss of his personal data and the consequences flowing therefrom.

DAMAGES

70. As a direct and proximate result of Defendant's unlawful acts and omissions set forth above, Plaintiff has suffered, and will continue to suffer, substantial harm, including but not limited to: emotional distress, invasion of privacy, the compromise of his personal information and that of his family and friends, unauthorized use of his account, the constant threat and conscious concrete harm of future identity theft and fraud from the ongoing exposure of his data, and the denial of timely notification and remedial services that could have mitigated such harm.

71. Plaintiff seeks actual damages in an amount to be proven at trial, but estimated to be no less than $300,000, to compensate for these injuries, including for his emotional distress, the value of his compromised data, and the future and conscious concrete harm resulting from the ongoing risk.

72. Plaintiff need not demonstrate out-of-pocket expenses to recover for these damages. Companies and governmental entities like the FTC regularly sue for and recover substantial sums for data breach violations and privacy harms even without demonstrating direct financial loss for themselves in the same manner an individual might. To deny Plaintiff substantial recovery for his actual, albeit not entirely out-of-pocket, emotional and privacy harms, and future concrete risks, would be unconstitutional and create an impermissible bias against individual victims of widespread data misconduct when compared to corporate or governmental actors. The harm is real and substantial.

73. Defendant's conduct, particularly its failure to notify Plaintiff of the Data Breach for over four years, its failure to implement adequate security, and its disregard for Plaintiff's privacy rights, was willful, wanton, malicious, oppressive, and/or reckless, thereby warranting an award of punitive damages in an amount sufficient to punish Defendant and deter similar conduct in the future, estimated to be no less than $10,000,000.

74. Alternatively, the precise amount of actual and punitive damages should be determined by a jury.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff David Angel Sifuentes III respectfully prays for judgment against Defendant Meta Platforms, Inc. as follows:

A. Awarding actual and compensatory damages in an amount not less than $300,000, or an amount to be proven at trial;

B. Awarding punitive damages in an amount not less than $10,000,000, or an amount to be proven at trial and sufficient to punish Defendant and deter future misconduct;

C. Awarding statutory damages where applicable, including under the Fair Credit Reporting Act;

D. Ordering Defendant to provide Plaintiff with comprehensive identity theft protection and credit monitoring services for a period to be determined by the Court;

E. Granting injunctive relief requiring Defendant to:

i. Implement and maintain adequate data security measures to protect user data;

ii. Truthfully and accurately disclose its data security practices;

iii. Provide timely and adequate notification to all affected users of any future data breaches;

G. Granting pre-judgment and post-judgment interest as allowed by law; and

H. Granting such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.8

LIBERAL CONSTRUCTION

Plaintiff, who may be proceeding pro se at the filing of this complaint, requests that the pleadings be construed liberally.

Dated: May 22, 2025

Respectfully submitted,

_________________________

David Angel Sifuentes III
Plaintiff Pro Se
439 More St. NE, Unit 2
Grand Rapids, MI 49503
Telephone: 616-283-5215
Email: davidsifuentes61@yahoo.com