UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID ANGEL SIFUENTES,

Plaintiff,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 25-cv-04479-JST

**ORDER DENYING MOTION FOR RECONSIDERATION**

Re: ECF No. 58

Proceeding pro se, Sifuentes seeks reconsideration of the Court's order dismissing with prejudice his second amended complaint ("SAC"), arguing that the Court overlooked controlling precedent, improperly resolved factual disputes against him, erred in denying leave to amend, and that newly discovered evidence establishes his claims. ECF No. 58 at 1.

A party may file a motion to alter or amend a judgment no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Reconsideration under Rule 59(e) is generally appropriate only if "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "[T]he rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id*. (internal quotation marks and citation omitted).

Moreover, a party may seek relief from a final judgment because of several enumerated reasons including "mistake, inadvertence, surprise, or excusable neglect"; newly discovered evidence; fraud, misrepresentation, or misconduct by the opposing party; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Because Sifuentes has failed to identify any reason that the Court should reconsider or set

aside the judgment, the motion is denied.

Sifuentes's arguments concerning "newly discovered evidence" appear to attempt to introduce evidence the Court already considered and rejected in denying his earlier motion for leave to file an amended complaint. *See* ECF No. 54 at 21; *compare* ECF No. 58 at 3 *with* ECF No. 49. In any case, Sifuentes does not attach the newly discovered evidence or describe it in any detail, so the Court lacks sufficient information to grant his motion on that basis. ECF No. 58 at 3.

Sifuentes next argues that the Court weighed resolved factual disputes against him in resolving the motion to dismiss, but he is incorrect. ECF No. 58 at 4. For instance, he faults the Court for finding that account passwords were not implicated in the Facebook data breach at issue, but the Court made no such finding. Rather, the Court found that Sifuentes had failed to allege facts rendering his theory of injury plausible, in part because documents he attached to the complaint suggested that account passwords were not implicated by the breach. ECF No. 54 at 3–4. He also complains that the Court found "alternative explanations were more likely." ECF No. 58 at 4. Again, this argument lacks detail sufficient for the Court to evaluate it. In any case, courts are encouraged to consider alternate explanations for an alleged injury in evaluating whether claims are plausible under *Twombly* and *Iqbal*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009).

Sifuentes also argues that the Court overlooked precedent establishing that unauthorized login attempts, phishing attacks, identity theft risk, and misuse of personal information may may constitute concrete injury, but the Court made no finding to the contrary. ECF No. 50 at 4–5. The Court did observe that third-party access to private information does not alone constitute an economic injury under California's Unfair Competition law, ECF No. 54 at 15, but Sifuentes's cited Ninth Circuit cases do not engage with that standard, ECF No. 58 at 4–5.

Finally, Sifuentes argues that the Court erred by dismissing his claims with prejudice, but the Court identified multiple independent reasons that any amendment would be futile, including the Meta Terms of Service, the factual implausibility of his claims, and multiple deficiencies in the specific claims he raised. ECF No. 54. The Court considered futility again in denying the motion for leave to amend the complaint. *Id*. at 21. Sifuentes has not identified any reason for the Court

to revisit its prior determinations on this issue.  Because Sifuentes had three attempts to properly allege his claims and further amendment would be futile, the Court did not err in dismissing his case with prejudice.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

The motion for reconsideration is denied.  ECF No. 58.

With his reply concerning the motion before the Court, Sifuentes filed a "notice of errata and clarification of the record" stating that "[t]he active, operative filings currently pending evaluation before [the Court] are Plaintiff's Amended Motion for Reconsideration . . . and the Third Amended Complaint," both apparently dated May 21, 2026.  ECF No. 66 at 1.  The Court has received no such documents.  In addition, Sifuentes has not received leave of court to file a third amended complaint and judgment in this case has already been entered.  Sifuentes is ordered not to file further documents, including but not limited to an amended motion for reconsideration or third amended complaint, absent further order from this Court.

**IT IS SO ORDERED.**

Dated:  June 15, 2026

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

3